UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2016
David J. Bradley, Clerk

| | |
|---|---|
| Tricon Energy, Ltd., § § Plaintiff, § § versus § Civil Action H-15-3756 § Thirumalai Chemicals, Ltd., § § Defendant. § | |

# Opinion on Arbitration

1.     *Introduction.*

A chemicals trader sues to enforce an arbitration provision with one of its customers. The customer says it did not agree to arbitration. The case will be stayed and referred to arbitration.

2.     *Tricon says.*

Tricon Energy, Ltd., is a chemicals trader. Tricon says that Thirumalai Chemicals, Ltd., agreed to purchase orthoxylene from it. Chemicals vaguely refers to "disputes between the parties" about whether they agreed and to what, but for purposes of its opposition to the compulsion of arbitration, Chemicals does not dispute Tricon's facts.

Mark Vijay, a former employee of Chemicals, contacted Tricon in January of 2014. He told Tricon that Chemicals wanted to buy 500 metric tons of orthoxylene.

Tricon made an offer. They exchanged messages and telephone calls before Chemicals agreed to buy 2,000 to 3,000 metric tons of orthoxylene at $1,405 per metric ton through an electronic message sent January 16th.

Over the following weeks, the parties discussed the terms of the contract. On January 22nd, Tricon sent Chemicals a sales contract that included an array of terms, including an agreement to resolve disputes through arbitration. Chemicals responded, asking that two additional terms be included and saying that it might ask for more changes in the future. Tricon agreed to the two additional terms.

Chemicals then asked to delay delivery from February to April, set a date for shipment, and renegotiate the price. Tricon agreed to delay delivery until April, told Chemicals it needed them to issue a letter of credit to set a delivery date, and insisted that Chemicals pay the agreed price. Chemicals canceled its order, saying it would not issue a letter of credit without knowing delivery details.

Tricon moves to compel arbitration and stay this lawsuit during its pendency.

3.  *Arbitration.*

The contract, comprised of multiple electronic messages between Chemicals and Tricon, included an enforceable arbitration agreement.

The resolution of a possible future dispute by arbitration – like other provisions of a contract – must be agreed to. Chemicals and Tricon agreed to the sale of goods, orthoxylene. Their deal could have been made in "any manner sufficient to show agreement" by professionals in the chemical business, including by electronic message or telephone conversation.[1] Once they agreed, they could modify the contract without additional consideration.[2]

According to the facts by Tricon and agreed to by Chemicals for this motion, Tricon offered Chemicals between 2,000 and 3,000 metric tons of orthoxylene for $1,405 per metric ton under its ususal terms of sale. Chemicals accepted the offer but requested changes to the terms.

In the course of discussing modifications, Tricon sent a draft contract with terms not previously discussed, including the arbitration provision. Chemicals requested two additions to the terms and said it might request additional changes at a later time; it did not request to modify the arbitration provision.

Chemicals's response had the effect of accepting the arbitration provision.[3]

Chemicals says that by sending the sales contract Tricon unsuccessfully attempted to alter the agreement materially. It did not. It merely recited the terms the parties had already agreed to and proposed additions that Chemicals accepted.

---

[1] Tex. Bus. & Com. Code § 2.204(a).

[2] Tex. Bus. & Com. Code § 2.209 (a).

[3] *Tricon Energy, Ltd., v. Vinmar International, Ltd.,* 4:10-cv-5260, 2011 WL 4424802, at *9 (S.D. TEX. 2011) (Rosenthal, J.).

4. *Agency.*

Chemicals says that: (a) a contract was made and then unilaterally modified by Tricon, and (b) the parties did not agree to anything because Chemicals's employee, Vijay, did not have the authority to enter the agreement.

It requests additional time to find Vijay and take his testimony.

Chemicals's opposition would not be bolstered by an exploration of its authority. The parties agree that Vijay was Chemicals's employee when the contract was negotiated and agreed. Vijay communicated with Tricon from an electronic mail address with the domain "thirumalaichemicals.com." His messages did not include a disclaimer that he was not authorized to negotiate on Tricon's behalf.[4]

Further, Vijay's language implied authorization to work on behalf of the company. He used plural first person pronouns like "we are able to accept the offer," "let us know," and "our production facilities."

From all outward appearances, a reasonably prudent person in the business of chemicals trading would have believed that Vijay possessed the authority to negotiate terms on Chemicals's behalf.[5]

5. *Conclusion.*

The parties will arbitrate under the American Arbitration Association, unless they agree in writing filed with the court to a cheaper, faster alternative.

Signed on August 28, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] *See PanAmerican Operating v. Maud Smith Estate,* 409 S.W.3d 168, 179 (Tex.App. – El Paso 2013, pet. denied).

[5] *Id.*